IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID TRAVWICK, | : | |
|     Petitioner, | : | CIVIL ACTION |
| | : | |
| v. | : | NO.: 17-3539 |
| | : | |
| SUPT. MARK GARMAN, et al., | : | |
|     Respondent. | : | |

Jones, II    J.                                                                  September 17, 2018

## ORDER-MEMORANDUM

**AND NOW**, this 17th day of September, 2018, upon consideration of Petitioner's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus (ECF No. 1), the Report and Recommendation prepared by United States Magistrate Judge David R. Strawbridge (ECF No. 3), and Petitioner's Objections thereto (ECF No. 5), it is hereby **ORDERED** as follows:

1. Petitioner's Objections (ECF No. 5) are **OVERRULED** in part and **SUSTAINED** in part as outlined herein.

2. Petitioner's Objections (ECF No. 5) are **OVERRULED** as it relates to Objections One through Six, and **SUSTAINED** as it relates to Objection Seven.

3. The Report and Recommendation (ECF No. 3) is **APPROVED and ADOPTED** as it relates to Sections I, II(A), and II(B).

4. Section II(C) of the Report and Recommendation is hereby **STRICKEN**.

5. Petitioner's § 2254 Petition for Writ of Habeas Corpus (ECF No. 1) is **DENIED**. The Clerk of Court is directed to **CLOSE** the above-referenced matter for statistical and all purposes.

6. There is no probable cause to issue a certificate of appealability.

## RELEVANT BACKGROUND

Petitioner does not object to the magistrate court's recitation of the relevant factual and procedural background,[1] which was largely fashioned based upon the facts and proofs provided by Petitioner is his §2254 Petition. As such, and upon independent verification of the record, this Court adopts the following facts as authored by Judge Strawbridge.

> On January 31, 2003, Travwick was charged with murder, reckless endangerment, and related charges for an incident that occurred on October 30, 2002. He agreed to waive his right to a jury and proceeded to a bench trial before the Honorable M. Teresa Sarmina on June 15, 2004. The court found him guilty of one count of murder in the third-degree, two counts of recklessly endangering another person, and one count of possessing an instrument of crime, and found him not guilty of two counts of simple assault. Following a pre-sentence investigation, the court sentenced Travwick on September 15, 2004 to a term of imprisonment of 15 to 40 years on the murder conviction and a consecutive term of five years of probation on the PIC conviction. The court also imposed sentences of two years of probation on the two REAP convictions to be served concurrently with the other sentences. (CP Dkt. at 1, 4, 10-21; Super. Ct. Opin., 5/31/17, at 1.)
>
> Travwick filed a direct appeal with new counsel but that attorney later sought to withdraw. On November 28, 2005, the Superior Court granted the withdrawal request and affirmed Travwick's judgment of sentence. (CP Dkt. at 21-22; Appeal Dkt., No. 2658 EDA 2004, at 1-3; Super. Ct. Opin., 5/31/17, at 1-2.) Travwick did not seek further review in the Pennsylvania Supreme Court.
>
> Thereafter, Petitioner sought review in the state courts through a series of petitions under the Post Conviction Relief Act, 42 Pa. Cons. Stat. §§ 9541-46 ("PCRA"). The first was filed on or about February 8, 2006 and later amended by counsel. Following a hearing, however, the PCRA Court concluded that "Petitioner did not meet his burden on [the] ineffectiveness allegation" he raised and dismissed the petition on May 30, 2007. (CP Dkt. at 27.) Travwick appealed the dismissal, but the Superior Court affirmed. Travwick's petition for allowance of appeal was denied on June 1, 2009. (CP Dkt. at 24-30; Appeal Dkt., No. 1623 EDA 2007, at 1-4; Alloc. Dkt., No. 1 EAL 2009.)
>
> During the pendency of the appeal of his first PCRA petition, Travwick filed another PCRA petition on or about March 18, 2009.

---

[1] The first of Petitioner's objections is entitled "Petitioner Objects to Court[']s Procedural Background" but in the discussion that follows, Petitioner verifies the Magistrate Court's recitation of the specified facts. It is apparent to this Court that by said section, Petitioner only challenges the Magistrate Court's decision to exclude Petitioner's substantive claims for relief from its recitation of the relevant procedural facts.

> Counsel was appointed but filed a *Finley* letter on April 22, 2010. The PCRA Court gave notice of its intent to dismiss the petition, to which Travwick filed a response, but the court proceeded to dismiss the petition on the ground that it was untimely. Travwick appealed and secured a remand from the Superior Court for the appointment of counsel and leave to file an amended petition, which he filed on December 16, 2011. The PCRA Court was not persuaded by the amended petition. After giving notice of its intent to again dismiss, and despite a response by Travwick, the court again dismissed the second PCRA petition, as amended, finding there to be "no issues of arguable merit." (CP Dkt. at 35 (June 29, 2012).) Still represented by his appointed counsel, Travwick filed a notice of appeal of this dismissal, but the Superior Court affirmed and on April 16, 2014 the Pennsylvania Supreme Court denied allowance of appeal. (CP Dkt. at 30-38; Appeal Dkt., No. 1938 EDA 2010, at 1-3; Appeal Dkt., No. 2154 EDA 2012, at 1-3; Alloc. Dkt., No. 616 EAL 2013.)
>
> More than a year later, on or about August 13, 2015, Travwick initiated a third PCRA action, raising "sentencing issues" and citing to *Commonwealth v. Hopkins*, 98 MAP 2013 (Pa. June 15, 2015). (Pet. at 4.) The PCRA Court again gave notice of its intent to dismiss the petition. Travwick filed a response, but on May 20, 2016, the PCRA Court ordered the petition "dismissed as untimely and as failing to satisfy any of the enumerated exceptions" to the jurisdictional requirements of 42 Pa. Cons. Stat. § 9545(b). (CP Dkt. at 38.) Travwick again appealed to the Superior Court, presenting to that court the question of whether "Appellant's sentencing statute" was unconstitutional in light of recent United States Supreme Court cases concerning the constitutionality of mandatory minimum sentences. *Commonwealth v. Travwick*, No. 1728 EDA 2016, slip op. at 2 (Pa. Super. Ct. May 31, 2017) [appended to petition, Doc. 1]. The Superior Court agreed that his petition was untimely and that his apparent attempt to invoke a statutory exception for newly-recognized constitutional rights was inapposite, as he did not receive a mandatory minimum sentence and thus was not affected by any changes in the law in that area. The court affirmed the dismissal of his petition on May 31, 2017. Travwick did not seek allowance of appeal in the Pennsylvania Supreme Court. (CP Dkt. 38-40; Appeal Dkt., No. 1728 EDA 2016, at 1-4; Pet. at Ex. A.)
>
> Petitioner completed this district's standard form for habeas relief pursuant to 28 U.S.C. § 2254 on August 3, 2017, following the conclusion of litigation of his third PCRA action. (Pet. at 16.)

(ECF No. 3, pp. 2-5).

Judge Strawbridge recommended summary dismissal of Petitioner's § 2254 Petition, without hearing and without ordering briefing from Respondents. (ECF No. 3, p. 15) Petitioner timely filed objections to the Report and Recommendation ("R&R"), which this Court considers

3

herein. For the brief reasons that follow, this Petitioner's Objections are overruled in part and sustained in part, and Petitioner's § 2254 Petition for Writ of Habeas Corpus is denied.

I.  Propriety of Summary Dismissal

As an initial matter, the Court notes the propriety of summary dismissal, here. A district court can summarily dismiss a habeas corpus petition if it "plainly appears from the face of the petition that the petitioner is not entitled to relief." 28 U.S.C. § 2254 Cases R 4; *see e.g.* Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Harrison v. Schultz, 285 F. App'x 887, 889 (3d Cir. 2008). Upon review of Petitioner's § 2254 Petition, Judge Strawbridge found the Petition to be facially deficient and as such, neither required Respondent to formally respond thereto nor required either parties' participation in a hearing on the Petition's merits. (ECF No. 3, p. 7.) Having thoroughly reviewed all documents of record, the Court agrees that even without argument from the Government, it is apparent that Petitioner is not entitled to relief.

Upon review of the factual record and pursuant to Section 2254(d)(1) of the Antiterrorism and Effective Death Penalty Act of 1966 ("AEDPA"), absent statutory or equitable tolling, Petitioner's § 2254 Petition should have been filed within one year of December 28, 2005 – the date on which final judgment in Petitioner's criminal matter became final. The AEDPA's one-year statute of limitations for habeas corpus filings is subject to two tolling exceptions: (1) statutory tolling during the time a "properly filed" application for state post-conviction review is pending in state court; and (2) equitable tolling, a judicially crafted exception. *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir.1999). Where a petitioner avails himself of state post-conviction remedies or other collateral review, any running of the AEDPA statutory period is tolled from the time the post-conviction procedure is initiated until the reviewing court enters final judgment thereupon. 28 U.S.C. § 2244(d)(2). Thus as discussed by Judge

Strawbridge at length in the Report and Recommendation, (ECF No. 3, pp. 11-12), Petitioner's numerous PCRA filings tolled the running of the AEDPA one-year period from February 8, 2006 through April 16, 2014.

As of April 16, 2014, Petitioner had 323 days remaining in his AEDPA one-year limitations period, so that his § 2254 Petition would have had to be filed by March 5, 2015 to be timely. Petitioner's § 2254 Petition was not filed until over two years later, on August 7, 2017. (ECF No. 1.) As there is no apparent factual basis to support equitable tolling of the limitations period beyond April 16, 2014, Petitioner's § 2254 Petition is wholly untimely.

II.     Objections

Having found that summary dismissal is proper here, the Court turns to Petitioner's outstanding objections. Petitioner purports to raise seven objections to the R&R, but nearly all of Petitioner's "objections" reflect an attempt to further argue the substantive merits of the § 2254 Petition rather than challenge the bases for Judge Strawbridge's recommendation that the Petition be dismissed as untimely. Despite the foregoing, the Court nonetheless considers each of Petitioner's objections in turn.

The first of Petitioner's objections challenges the Magistrate Court's failure to comprehensively address Petitioner's substantive request for relief. (ECF No. 5, p. 1). As addressed above, Petitioner's § 2254 Petition was filed two and a half years out of time. As such, Petitioner's § 2254 Petition is properly dismissed without substantive review. Petitioner's first objection is overruled.

As with the first of Petitioner's objections, in the second objection, Petitioner challenges the decision of the Magistrate Court to rule on Petitioner's Motion without the "complete" state court record and sentencing transcripts. (ECF No. 5, p. 1.) Because summary dismissal of the §

5

2254 is proper, Judge Strawbridge was not required to consider the trial or sentencing documents from Petitioner's state criminal case. Petitioner's second objection is also overruled.

Petitioner's third objection challenges – once again – Judge Strawbridge's alleged "reliance on an inadequate record," and presents argument on the substantive merits of the underlying Petition. (ECF No. 5, p. 1.) For the reasons previously stated, this objection is also overruled.

In the fourth of Petitioner's objections, Petitioner maintains that his § 2254 Petition was timely filed. (ECF No. 5, p. 2.) As discussed above, the Court finds otherwise. Petitioner's fourth objection is overruled.

In Petitioner's fifth objection, Petitioner contends that Judge Strawbridge relied on an inadequate record and erroneously found Petitioner's § 2254 Petition to be time barred. (ECF No. 5, p. 2.) As stated above, the Court independently reviewed the factual record and independently conducted its own assessment of the applicable procedural timelines and limitations period. Based thereupon, the Court finds that Judge Strawbridge's assessment of the Petition's untimeliness proper. Petitioner's fifth objection is therefore overruled.

The Court interprets Petitioner's sixth objection to be a challenge to Judge Strawbridge's calculation of the extent to which Petitioner's PCRA filings tolled the AEDPA's statute of limitations. As stated above, the Court finds that Petitioner's PCRA filings tolled the one-year period imposed by the AEDPA from February 8, 2006 until April 16, 2014. Having independently confirmed the accuracy of Judge Strawbridge's calculations, the Court overrules Petitioner's sixth objection.

Petitioner's final objection challenges Judge Strawbridge's finding that Petitioner's claims were substantively without merit. (ECF No. 5, p. 2.) The Court sustains Petitioner's

seventh and final objection. Judge Strawbridge's conclusion that Petitioner's § 2254 Petition is untimely prohibits review on the merits.[2] Petitioner's seventh objection is thus sustained and Section II(C) of the R&R is hereby stricken. Ultimately, the untimeliness of the § 2254 Petition is dispositive, and prohibits review on the merits.

**CONCLUSION**

The Court finds that Petitioner's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus is untimely, and overrules all but one of Petitioner's objections to the Report and Recommendation authored by United States Magistrate Judge David R. Strawbridge. The Court strikes Section II(C) of Judge Strawbridge's Report and Recommendation and approves and adopts all sections that remain thereof. Because Petitioner fails to establish that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling," Slack v. McDaniel, 529 U.S. 473, 484 (2000), this Court finds no probable cause upon which to issue a certificate of appealability.

BY THE COURT:

/s/ C. Darnell Jones, II
C. DARNELL JONES, II    J.

---

[2] The Court recognizes that a viable claim of actual innocence could allow the Court jurisdiction to consider the merits of an untimely habeas petition, but nothing in the record indicates that Petitioner intended to advance an actual innocence claim.

7